## Purifoy, Treasurer, v. Teasley, Judge.

*Mandamus.*

(Decided June 30, 1914. 66 South. 6.)

*Pensions; Pensioners.*—The widow of a pensioner who was drawing a pension under Acts 1911, p. 690, is a pensioner within section 27 thereof, authorizing the probate judge to collect the pension upon a compliance with the provisions of the said Act.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Application by Charles B. Teasley as probate judge, for a writ of mandamus directed to John Puri-

[Purifoy, Treasurer, v. Teasley, Judge.]

foy as State Treasurer, requiring him to pay a certain pension warrant. From a judgment for petitioner respondent appeals. Affirmed.

R. C. BRICKELL, Attorney General, for appellant. The words, "should a pensioner die," as used in § 27, Acts 1911, p. 690, are limited by the provisions of said act which immediately follow, and this limitation shows that it could not have been the legislative purpose to authorize a probate judge to collect a warrant made payable to a widow after the death of such widow, as a widow cannot leave a widow surviving.

CHARLE B. TEASLEY, pro se. No brief reached the Reporter.

MAYFIELD, J.—The only question presented by this appeal is whether or not a widow who is drawing a pension under the act of April 24, 1911 (Gen. Acts 1911, p. 690), is a "pensioner" within the meaning of that word as used in section 27 of that act. Section 27 of that act provides as follows:

"Should a pensioner die, leaving a widow, who would be entitled to a pension under the provisions of this article, or leaving minor children, the judge of probate shall deliver the warrant to the widow or minor children, or child of such pensioner, and should there be no widow or minor child of such deceased pensioner, the judge of probate shall indorse and collect the warrant and attach it to his certificate, showing the facts upon which he is authorized to so indorse and collect the warrant, and the proceeds thereof he shall apply first, to the payment of the burial expenses; second to the expenses of the last illness of such pensioner."

Mrs. S. A. Williams was drawing a pension under the provisions of this act, and $16 was due her when

she died, February 26, 1914, for which, the auditor's warrant had not been delivered to her by the probate judge. The warrant was indorsed by appellee as probate judge, and presented to the appellant as State Treasurer for payment, and payment was declined upon the ground that Mrs. Williams was not a "pensioner," within the meaning of section 27 of the Act of 1911, pp. 697, 698. Appellee applied to the city court for a writ of mandamus commanding the treasurer to pay such warrant, and a peremptory writ was awarded as prayed; from such order and judgment this appeal is prosecuted.

We think it certain that Mrs. Williams was a "pensioner" within the meaning of the section of the statute in question, and that the treasurer should have paid the warrant when presented. "Pensioner," as there used, includes a widow, as well as a man. The fact that Mrs. Williams, being a woman, could not have left a *widow* at her death does not show or argue that she could not be a "pensioner." She could have left a "minor child" or "children," or had "burial expenses," or "expenses of last illness," which facts will authorize the probate judge to collect the warrant, when indorsed and with certificate attached showing the facts which authorize him to so collect, which was done in this case.

The trial court ruled correctly, and the order and judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.